■ BORN TO BUILD, LLC, Appellant, v IBRAHIM SALEH, Also Known as KAMEL SALEH and Others, et al., Defendants. KAMEL SALEH, Nonparty Respondent. [999 NYS2d 762]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered February 25, 2013, as granted the motion of the nonparty Kamel Saleh for leave to reargue his prior motion, in effect, pursuant to CPLR 5239 to vacate certain executions and void certain levies upon three specified parcels of real property, which motion had been denied in an order of the same court entered December 1, 2011, and, upon reargument, granted those branches of the prior motion which were, in effect, pursuant to CPLR 5239 to vacate the executions and void the levies upon the subject parcels of real property located in Manhattan and Astoria, and (2) so much of an order of the same court, entered July 15, 2013, as denied its motion, in effect, pursuant to CPLR 2221 for leave to reargue its opposition to the motion of the nonparty Kamel Saleh for leave to reargue his prior motion, in effect, pursuant to CPLR 5239.

Ordered that the order entered February 25, 2013, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered July 15, 2013, is dismissed, without costs or disbursements.

Under the circumstances presented in this case, the Supreme Court providently construed nonparty Kamel Saleh's motion as one for reargument. Furthermore, because the evidence in the record supports the court's determination on the merits, the court, upon granting reargument, providently modified its order entered December 1, 2011.

The appeal from the order entered July 15, 2013, must be dismissed because no appeal lies from an order denying reargument (*see Poulard v Judkins*, 102 AD3d 665, 666 [2013]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.